A. B. BEARD & SON. *v.* MINISTRELLI CONSTRUCTION
COMPANY.

1. DAMAGES—BULLDOZERS—STIPULATIONS.
   Award of $3,000 by trial court in action for damages to bull-
   dozer which had been subjected to unauthorized use while out
   of repair by defendant's employee *held,* without error in view
   of stipulation made during trial that such amount was reason-
   able.

2. SAME—BULLDOZERS—LOSS OF PROFITS AND INCOME—EVIDENCE.
   Award to plaintiff owner of bulldozer, which was out of repair
   due to leak in radiator, for damages thereto when subjected to
   unauthorized use by *defendant's* employee in pulling out a
   mired truck *held,* to support trial court's award for lost profits
   and income.

Appeal from Wayne; Bowles (George E.), J. Sub-
mitted January 10, 1964. (Calendar No. 14, Docket
No. 49,882.) Decided March 5, 1964.

Case by A. B. Beard & Son, a grading subcon-
tracting business operating under a registered as-
sumed name, against Ministrelli Construction Com-
pany, a Michigan corporation, for damages arising
from improper use of earthmoving equipment.
Judgment for plaintiff. Defendant appeals. Af-
firmed.

*Robert J. Kelly,* for plaintiff.

*Morton H. Collins,* for defendant.

---

REFERENCES FOR POINTS IN HEADNOTES
[1] 15 Am Jur, Damages §§ 240, 249.
[2] 15 Am Jur, Damages § 149 *et seq.*

BLACK, J.  June 17, 1960, A. B. Beard (he and his son do an earthmoving business) was clearing land. for subdividing.  Mr. Beard noticed a leak in the radiator of the firm's 16-ton bulldozer and shut off the motor.  Examination showed that a stick had punctured the radiator.  Mr. Beard then started the motor, moved the bulldozer some 50 or 60 feet away. (from a brush fire) and parked it.

Two days later one of the defendant's employees, concededly without right, "borrowed" the bulldozer to pull out a mired truck.  The employee ran the bulldozer about 10 minutes.  Mr. Beard, learning of such unauthorized use of the bulldozer, immediately checked the motor.  He testified that the oil "was down considerable" and that when he started it, "it smoked real bad so I shut it off right away."  The next day he started the motor again, moved the bulldozer to the deck of a readied moving trailer, and took it to a repair shop.

A new motor and parts were put in at a cost of $4,895.26.  Suit was commenced against defendant for the "reasonable cost of repairs to said engine" ($3,000 per estimate) and for special damages due to 42 days alleged loss of use of the bulldozer.  Issue having been joined, the case was tried to the court.  Defendant insisted and now insists that its employee's action did not cause the damage. Such contention is based on expert testimony to effect that once such a motor is "seized," it cannot thereafter be started.  Defendant contends that since the motor was started, twice by plaintiff after such unauthorized use, the motor could not have been damaged by defendant's said employee.

The repair shop service manager testified:

"We found extensive damage to the engine from overheating, both cylinder head castings were cracked, valves were warped, pistons and cylinder

walls were scored and at least 1 of the rod bearings had seized the crankshaft, the bearing had wiped it. * * * The basic cause was overheating."

The manager also testified that the crankshaft could not be turned when the bulldozer was brought into the shop.

Judge Bowles, ruling for plaintiff, assessed as damages the "concededly reasonable" repair bill of $3,000 and special damages of $2,000 (500 hours at $4 per hour).

Defendant presents 5 questions for review. The first 2 deal with the amount ($3,000) awarded below for motor repair. They disclose no error in view of a stipulation that said amount was reasonable.*

The remaining points made on appeal are (1) "verdict was contrary to defendant's expert witnesses' uncontroverted testimony"; (2) "award to plaintiff for lost profits and income was against the clear preponderance of the evidence and the law," and (3) "its [the court's] award for loss of profits and income failed to reflect plaintiff's mitigation of this loss."

We have examined the record in conjunction with defendant's brief to the points thus made and discover no reversible error. Abundant proof was received which supports the circuit court's judgment. It is not surprising, judging matters from print rather than from having seen and heard the testimony, that the court's judgment turned out in favor of plaintiff.

Affirmed. Costs to plaintiff.

KAVANAGH, C. J., and DETHMERS, KELLY, SOURIS, SMITH, O'HARA, and ADAMS, JJ., concurred.

---

* The stipulation, made on the record during trial, was:
"That the charges for repairs to plaintiff's bulldozer made by the Earle Equipment Company were reasonable charges for the work performed."